**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4522**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

IVAN LARENTA STEWART,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, Senior District Judge.  (3:21-cr-00146-HEH-1)

_____

Submitted:  June 15, 2023                              Decided:  June 20, 2023

_____

Before DIAZ, RICHARDSON, and HEYTENS, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam opinion.

_____

**ON BRIEF:** Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Alexandria, Virginia, Nia Ayanna Vidal, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Richmond, Virginia, for Appellant. Kenneth Ray Simon, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ivan Larenta Stewart pled guilty, pursuant to a written plea agreement, to possession with intent to distribute eutylone and cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court varied above the applicable Sentencing Guidelines range and sentenced Stewart to 160 months' imprisonment and three years of supervised release. On appeal, Stewart's attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Stewart's sentence is reasonable. Stewart filed a pro se supplemental brief arguing that he received inadequate notice about the court's consideration of a variance and that the Government breached the plea agreement by arguing for a sentence above the Guidelines range. The Government has moved to dismiss the appeal pursuant to the appeal waiver in Stewart's plea agreement.[*] We affirm in part and dismiss in part.

"When the government seeks to enforce an appeal waiver and has not breached the plea agreement, we will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (internal quotation marks omitted). Upon review of the record, including the plea agreement and transcript of the Fed. R. Crim. P. 11 hearing, we conclude that Stewart knowingly and voluntarily waived his right to appeal. Further, the Government did not breach the plea agreement by arguing for a sentence above the established Guidelines range

---

[*] The Government also sought dismissal on the ground that the appeal is untimely. We deny the Government's motion in part because Stewart filed a timely notice of appeal.

as no provision in the plea agreement so limited the Government's ability to argue for an appropriate sentence. Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal as to all issues within the waiver's scope, including counsel's challenge to Stewart's sentence and Stewart's claim that he received inadequate notice of a variance.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside the scope of Stewart's valid appeal waiver. We therefore dismiss the appeal as to all issues within the waiver's scope and affirm the remainder of the district court's judgment. This court requires that counsel inform Stewart, in writing, of the right to petition the Supreme Court of the United States for further review. If Stewart requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Stewart.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*